In the Matter of the Application of the CITY OF NEW YORK, Relative to Acquiring Title, etc., for the Opening and Extending of West Twenty-fourth Street from Neptune Avenue to Surf Avenue, etc.; of West Twenty-fifth Street from Neptune Avenue to the Mean High Water Line, etc.; and of West Twenty-third Street from the Southerly Limit of the Land Heretofore Acquired to the Mean High Water Line, etc.

THE CITY OF NEW YORK, Appellant; DESMOND DUNNE and Others, Respondents.

Second Department, October 11, 1917.

**Municipal corporations — street opening, city of New York — exemption of lands of benevolent society from assessment for benefits — amount of benefits chargeable to city and not to other lands benefited.**

The Children's Aid Society of New York is exempt from the burden of assessment for benefits resulting from the opening and extension of streets. The ratable amounts which would otherwise be assessed against the land

Second Department, October, 1917. [Vol. 179.

of said society should not be distributed to the other lands benefited, but, on the contrary, become a charge upon the city to be paid out of the assessment fund of said city pursuant to chapter 255 of the Laws of 1889, which statute is still in force, there being nothing in the charter of Greater New York relating to street openings which is inconsistent therewith.

On such street opening the assessor should ascertain the benefit to the lands of said Children's Aid Society and report the amount, formally entering it as required by said statute of 1889.

APPEAL by The City of New York from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 14th day of March, 1917, in so far as it sustains certain objections to the confirmation of the report of the commissioner of assessment.

*Andrew C. Troy* [*Lamar Hardy, Corporation Counsel*, and *Edwin J. Talley* with him on the brief], for the appellant.

*Benjamin Trapnell*, for the respondents Link and others.

*Augustin S. Hart* [*Henry A. Ingraham* with him on the brief], for the respondent Skelly.

*Louis B. Hasbrouck* [*John H. Judge* and *Henry J. Wehle* with him on the brief], for the respondent Kittel.

*David Joyce*, for the respondent Desmond Dunne.

THOMAS, J.:

In this proceeding to open and to extend certain streets in the city of New York, the land of the Children's Aid Society of New York is exempt from the burden of assessment for benefit by virtue of chapter 583 of the Laws of 1888, revising and combining certain laws affecting the city of Brooklyn, and among other things chapter 364 of the Laws of 1878, as amended by chapter 622 of the Laws of 1886, as amended by chapter 255 of the Laws of 1889. The city of New York concedes that under these acts the land of the society is exempt from assessment (*Matter of Brooklyn Children's Aid Society*, 215 N. Y. 705, affg. 166 App. Div. 852), but contends that the ratable amount that would otherwise be assessed against its land

should be distributed to the other lands benefited, in disregard of the provisions in the statute (Laws of 1889, chap. 255) that " The ratable amount of any assessment which shall be laid or made hereafter for any local improvement which would have affected any real property exempted under this section, if such exemption had not been made, shall be a charge upon the city of Brooklyn and be paid out of the assessment fund of said city." The city appellant urges that the provision quoted prospectively provides relief only for cases where there has been an erroneous assessment of exempt property. But the statute declares real property appropriated to charitable uses " discharged and exempt from all taxes and from all assessments laid or made for local improvements, and sales thereunder, and from all such assessments hereafter, and from taxation, so long as the same shall be owned by any such corporation," and then in direct language provides for the disposition of the assessment that would be made except for the exemption. The statute is not dealing with erroneous assessments, but transfers assessments from exempt property to the city at large. There has been no direct repeal of the statute or any part of it. The Greater New York charter (§§ 970–1011) provides for street openings; but I find no inconsistencies that preclude the use of the statute of 1889, which broadly declares exemptions and makes provision for the payment of the sums that properties should bear if not exempt. The charter authorizes the board of estimate to levy certain costs of buildings on the city at large, but it is not intended that the board may by its act nullify statutes, or compel assessments to be borne contrary to statutes of general application in the city or a borough. There is no lack of power or procedure. Certain property is exempt. The statutes provide for the payment of its ratable amount elsewhere. But the assessor alone can ascertain the amount, and the implication is that he should do so. He should return it in his report. He may report that it is a charge against the city of New York. The statute makes it so, whether he does or does not formalize it in his report. There is no deficit, and the report is subject to the usual action of the court. Therefore, the assessor should ascertain the benefit to the parcels of the aid society, and report the

amount, formally entering it as the statute of 1889 indicates. It then remains for the city to determine what further action should be taken. The contention of Desmond Dunne, owner of parcel 109, and respondent herein, has been considered. Upon the record returned and the discussion accorded the question, I am unable to advise that the assessor has made an erroneous assessment, either in amount or in his mode of ascertaining it. The whole matter is returned to him, and he is at liberty to reconsider that or any other assessment.

The order, in so far as appealed from, should be affirmed, with ten dollars costs and disbursements.

Jenks, P. J., Mills, Putnam and Blackmar, JJ., concurred.

Order in so far as appealed from affirmed, with ten dollars costs and disbursements.